O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> LUCIO AQUILES-ZAMORA <br><br> Defendant/Petitioner. | Case No. CV 11-4681 CAS <br> CR 08-1162(A) - CAS <br><br> **ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

I.   **INTRODUCTION AND BACKGROUND**

On October 6, 2009, petitioner Lucio Aquiles-Zamora pled guilty to violations of 21 U.S.C. §841(a)(1) and §841(b)(1)(A), for possession with intent to distribute five or more kilograms of cocaine. He was sentenced to 120 months imprisonment on July 29, 2010. The plea agreement contained a waiver of the right to appeal the sentence imposed, the manner in which the sentence was determined, and a waiver of the right to collaterally attack the sentence or conviction. Dkt. No. 195 ¶24.[1] On May 31, 2011,

---

[1] Specifically, petitioner's plea agreement states:

(continued...)

petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Petitioner bases his petition on the grounds that he received ineffective assistance of counsel and the fact that he received a lengthier sentence than his co-defendants. Petitioner's Mot. at 5-9.[2]

On August 30, 2011, the government filed an ex parte application requesting an order inter alia (1) authorizing disclosure of certain attorney client communications; and (2) establishing procedures for obtaining such attorney client communications. Dkt. No. 410. On September 2, 2011, in response to the government's ex parte application, the Court found that petitioner waived his attorney-client privilege with respect to communications relevant to his petition. Dkt. No. 411. The Court ordered petitioner to either provide notice of his election to withdraw his ineffective assistance of counsel claims or to provide the interrogatory responses prepared by Michael Roger McDonnell, petitioner's counsel in the underlying matter, and any objections to those interrogatories by October 31, 2011. Id. Petitioner failed to take either action by the deadline, and still has not done so. The government filed its opposition to this petition

///

---

[1](...continued)
Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that the term of imprisonment imposed is not greater than 30 years. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

Dkt. No. 195 ¶ 24.

[2] Petitioner also questions the ultimate charging of the case by stating, "there were (9) counts, but only eight counts were in the indictment." The Court does not believe that this is a proper basis for habeas relief, as charging decisions are typically not subject to review. See U.S. v. Palmer, 3 F. 3d 300, 305 (9th Cir. 1993) (finding that a prosecutor's charging decisions may only be reviewed upon a showing that the decision rested on an impermissible basis, such as gender, race, or denial of a constitutional right).

on January 9, 2012. Dkt. No. 413. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability

that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's section 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

The Court finds that petitioner abandoned his claims based on ineffective assistance of counsel by withholding relevant privileged communication with McDonnell from the government. The Ninth Circuit has recognized that attorney-client privileges cannot be used "both as a sword and a shield." Chevron Corp. v. Pennzoil Co., 974 F. 2d 1156, 1162 (9th Cir. 1992). To address claims of ineffective assistance of counsel, it may be necessary for the party raising the claim to disclose protected communication. Id. In order to allow the government to examine claims of ineffective counsel, the party's attorney-client privilege can be implicitly waived. Id.; see U.S. v. Amlani, 169 F. 3d 1189, 1195 (9th Cir. 1999) (affirming the district court's finding of waiver of attorney-client privilege where defendant's communications with counsel were necessary to allow the government to defend against the charges of attorney disparagement).

Once the attorney-client privilege is waived, the party is given the choice to either produce the privileged materials or cease litigation of the claim. Bittaker v. Woodford, 331 F. 3d 715, 720 (9th Cir. 2003). If the party wishes to preserve the

///

4

confidentiality of the information, it may abandon the claim that gave rise to the waiver of the privilege. Id. at 721.

Here, the Court ordered petitioner to either submit McDonnell's responses to the government's interrogatories or provide notice of withdrawal of his claim. Dkt. No. 411. Because petitioner has not submitted McDonnell's interrogatory responses, the Court finds that he has effectively chosen to withdraw his petition insofar as it rests on a claim of ineffective assistance of counsel.

### B. Waiver of Right to Appeal and Collaterally Attack the Sentence

The Court finds that petitioner's remaining claims are barred by his waiver of his right to appeal or collaterally attack the sentence. The right to appeal or collaterally attack a sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. U.S. v. Abarca, 985 F. 2d 1012, 1013 (9th Cir. 1993). During the plea hearing, petitioner acknowledged that he voluntarily waived his right to appeal any sentence not greater than 30 years, the manner in which his sentence was determined, and his right to any post-conviction collateral attack on his conviction or sentence. Plea Hearing Tr. 12:5-8, Oct. 6, 2009; see also Dkt. No. 195 ¶24. Petitioner only retained the right to collaterally attack his sentence on the basis of ineffective assistance of counsel, which fails as discussed above. Id.

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES petitioner's motion for a reduction of sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: February 9, 2012

_Christina A. Snyder_
Christina A. Snyder
United States District Judge